

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

May 28, 1969

Hon. Criss Cole, Chairman
Senate Youth Affairs Committee
Senate of the State of Texas
Austin, Texas

Opinion No. M-405

Re: Constitutionality
of Senate Bill
No. 119-Amendments
to Article 2338-1,
Sections 5 (a) and
6, V.C.S.

Dear Senator Cole:

You have requested the opinion of this office as to
the constitutionality of certain amendments to Article
2338-1, Sections 5 (a) and 6, Vernon's Civil Statutes.
These amendments are contained in Senate Bill No. 119
and relate to felony prosecution (as an adult) of a
juvenile fifteen (15) years of age or older at the time
of the commission of a felony and providing for certain
procedural steps.

It appears that the intent of Senate Bill No. 119
is to eliminate the "waiver of jurisdiction and certi-
fication" required by the juvenile court under the present
provisions of Article 2338-1, V.C.S. and to confer juris-
diction over certain juveniles in a district court or
criminal court for prosecution as in the case of an adult.

We particularly call to your attention Section 6 (b)
(1), of Senate Bill No. 119, which reads as follows:

(1) "When the district attorney, county attorney,
or the foreman of a grand jury has reason to believe
that the welfare of the community requires that
criminal proceedings be initiated, he shall give
notice to the juvenile court that the circumstances
concerning the offense with which the child is
charged will be presented to the grand jury."

It appears that this particular section removes the
rights of juveniles from a civil remedy to a criminal
proceeding without a waiver hearing before the Court and
now vests this discretion with the District Attorney,
County Attorney, or the foreman of the Grand Jury. There
is no realistic guide lines set down to determine which
juveniles will be tried as juveniles and which juveniles

will be charged and tried under the criminal laws of this State. Thereby, this important unreviewable decision is left to prosecuting attorneys or a layman untrained in the law. However, even if guide lines had been laid down, it is believed that this section would still be inadequate to meet the requirements of "due process" and "equal protection" guaranteed under the 14th amendment of the Constitution of the United States. Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed. 2d 84 (1966), In re: Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed. 2d 527 (1967).

In the Gault case, supra, the Court "...emphasized the necessity that the basic requirements of due process and fairness be satisfied in such proceedings." It said that the requirements of the juvenile hearing "...must measure up to the essentials of due process and fair treatment." "Welfare of the Community" is not a term of art and has not been judicially defined, nor is any legislative definition given by the Statute. The constitutional requirement of equal protection of the law requires that in the administration of justice no different or higher punishment should be imposed upon an individual than that which is prescribed to all for like offenses. Barbier v. Connolly, 113 U.S. 27, 31 (1885). A statute relating to crime and punishment "...must operate in a uniform manner on individuals of the class embraced in the law, and must require the same treatment of all who are in like conditions and circumstances." 16 Tex. Jur. 2d 101, Criminal Law, Sec. 8. While a reasonable classification and discrimination between individuals is permissible, in our opinion it is unconstitutional for the legislature to delegate to others the unreviewable right to choose those individuals for criminal prosecution which they determine should be subjected to such prosecution solely on the basis of their interpretation of the "welfare of the community," and without benefit of any standard or guide line and without a hearing. Such a criteria appears vague, uncertain, and lacking in measurement by objective standards. It is certainly subject to non-uniform application throughout the State.

The seriousness of the question is highlighted by the recent action of the United States Supreme Court, on February 24, 1969, which noted probable jurisdiction and agreed to hear the appeal in DeBacker v. Brainard (No. 662), 161 N.W. 2d 508, 183 Neb. 461 (1968). One of the questions presented is substantially the same with which we are confronted here, as shown in Vol. 4,

The Criminal Law Reporter 4177: "Is a juvenile denied due process under the 14th Amendment by a Nebraska Juvenile Code's conferral upon the prosecution of an unreviewable discretion as to whether he will proceed against the juvenile in juvenile court or under the Criminal Code?" We have delayed rendering this opinion in the hope that the Supreme Court would establish proper guide lines; but in the absence of any opinion to this date, we believe the fundamental principles herein stated clearly apply.

In the recent case of Estes v. Hopp, Superior Court, 73 Wash. 2d 272, 438 P 2d 205 (1968), it was pointed out by the Court, in considering the beneficial concept of the juvenile court system, that "...it is a direction that the juvenile be offered the benefits of an informal hearing at which rules of fairness and basic procedural rights are observed..."

We hold that Senate Bill No. 119, if enacted into law, in its present form would be unconstitutional.

Having directed our attention to Section 6 (b) (1) of Senate Bill 119, and having found same to be unconstitutional, we find it unnecessary to consider Section 5 of Senate Bill 119.

## S U M M A R Y

Senate Bill 119, if enacted into law, in the form presented to this office amending Sections 5 (a) and 6 of Article 2338-1, Vernon's Civil Statutes would be unconstitutional.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Hon. Criss Cole, page 4 (M-405)


Prepared by Tom W. Bullington
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Bob Flowers
Howard Fender
Neil Williams
Bob Lattimore

W. V. Geppert
Staff Legal Assistant

Hawthorne Phillips
Executive Assistant